UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MIDDLESEX, SS.                                                                                         Civil Action No.

| | |
|---|---|
| PSY-ED CORPORATION, d/b/a EXCEPTIONAL PARENT; JOSEPH VALENZANO, JR.; and E. P. GLOBAL COMMUNICATIONS, INC.;<br>    Plaintiffs/Defendants-in-Counterclaim | )<br>)<br>)<br>)<br>)<br>)<br>) |
| v. | ) |
| STANLEY KLEIN and KIMBERLY SCHIVE,<br>    Defendants/Plaintiffs-in-Counterclaim | )<br>)<br>)<br>) |
| v. | ) |
| DAVID HIRSCH, ET AL.,<br>    Third-Party Defendants | )<br>)<br>) |

**NOTICE OF REMOVAL OF MATTER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

Now comes Defendant-in-Counterclaim E. P. Global Communications, Inc. ("EP Global") by and through its attorneys, Greenbaum, Nagel, Fisher & Paliotti, LLP, and pursuant to Chapter 28, Section 1441(a) and (b) of the United States Code, hereby removes the action pending in the Massachusetts Superior Court Department of the Trial Court, Middlesex County, Consolidated Docket Nos. 99-6140 and 02-5213, to the United States District Court, District of Massachusetts.

**GROUNDS FOR REMOVAL**

1. This action is removable from the Massachusetts Superior Court to this Federal District Court because it is a civil action and diversity of citizenship exists under 28 U.S.C. § 1332(a).

2. EP Global is a corporation organized under the laws of the State of Delaware with a principal place of business in Pennsylvania.

3. Plaintiff Psy-Ed Corporation ("Psy-Ed") was a corporation organized under the laws of the State of Massachusetts but was dissolved on or about December 11, 2008 by the Massachusetts Secretary of State and is no longer in existence.

4. Plaintiff Joseph Valenzano, Jr. ("Valenzano") is an individual who resides in the State of New Jersey.

5. Defendant Stanley Klein ("Klein") is an individual who resides in Brookline, Massachusetts.

6. Defendant Kimberly Schive ("Schive") is an individual who resides in Carlisle, Massachusetts.

7. The amount in controversy exceeds $75,000.00 because Schive has already been awarded $125,000.00 for emotional distress damages in this action, as well as attorney's fees, and the remaining claims in this action, if successful, may result in similarly high awards.

8. No prior removal of this action has been attempted.

9. The removal of this action is timely under the provisions of 28 U.S.C. § 1446(b), as it is being filed within thirty days of EP Global's receipt of the initial pleading naming it as a party.

10. Although the Superior Court consolidated cases have been pending for some time, EP Global was only recently joined as a party to this action.

11. Removal is proper in this case because there is diversity of citizenship and the amount in controversy exceeds $75,000.00.

12. Copies of all pleadings received by EP Global are attached hereto.

13. Co-Defendant-in-Counterclaim Valenzano has advised EP Global that he has no objection to the removal of this action.

14. Co-Defendant-in-Counterclaim Psy-Ed no longer has a valid legal existence and the Plaintiffs-in-Counterclaim have effectively replaced or sought to replace Psy-Ed with EP Global.

15. As such, it is respectfully submitted that there is complete diversity in this case as both Plaintiffs-in-Counterclaim are Massachusetts residents and neither of the remaining Defendants-in-Counterclaim are residents of Massachusetts.

## BACKGROUND

16. Psy-Ed and Valenzano originally commenced this action against Klein and Schive in 1999 for defamation and in 2000 filed an Amended Complaint alleging defamation, unfair trade practices, civil conspiracy and tortious interference with contractual and business relations against former employees Klein and Schive. Klein counterclaimed against Psy-Ed and Valenzano for abuse of process and unfair trade practices, counterclaimed against Valenzano for tortious interference with contractual relations, and brought third-party claims against board members of Psy-Ed for tortious interference and unfair trade practices. Schive counterclaimed against Psy-Ed and Valenzano for retaliation in violation of employment antidiscrimination statute and abuse

of process. Klein also filed separate action in 2002 against Psy-Ed and Valenzano alleging retaliation in violation of employment antidiscrimination statute, which action was consolidated with the first action.

17. Some of the claims in the action were thereafter disposed of by summary judgment, with other claims decided upon after a bench trial and subsequent assessment of damages hearing, resulting in an appeal by all parties which was ultimately heard by the Massachusetts Supreme Judicial Court, which issued its decision on or about May 12, 2011, affirming in part, vacating in part and remanding the action back to the Superior Court to decide a number of claims and issues still pending.

18. On or about October 27, 2011, Schive filed a Motion in the State Court requesting that EP Global be joined in this action as a Defendant-in-Counterclaim. Klein also joined in this Motion. The Motion for Joinder was allowed by the State Court on October 27, 2011.

19. Although EP Global was not properly served with lawful process, EP Global did receive papers from Schive's counsel on or about November 9, 2011 indicating that it had been added as a party to this action.

20. The within Notice of Removal has been filed electronically on November 16, 2011.

21. EP Global is sending Notice to the Massachusetts Superior Court and all interested parties of its intent to remove this case on November 16, 2011.

WHEREFORE, EP Global hereby requests that this Court accept jurisdiction over this matter.

Respectfully submitted,
E. P. Global Communications, Inc.,
By its attorneys,


/s/ David J. Paliotti
David J. Paliotti, Esquire
BBO No. 547501
GREENBAUM, NAGEL,
FISHER & PALIOTTI, LLP
200 High Street, 4th Floor
Boston, MA 02110
(617) 423-4300
djpaliotti@greenbaumnagel.com

Dated: November 16, 2011.

## CERTIFICATE OF SERVICE

I, David J. Paliotti, Esquire, hereby certify that I have served a copy of the following document:

Notice of Removal by E. P. Global Communications, Inc. to United States District Court

upon:

Dahlia C. Rudavsky, Esquire
MESSING, RUDAVSKY & WELIKY, P.C.
50 Congress Street, Suite 1000
Boston, MA 02109

Donna M. Brewer, Esquire
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA 02210

George P. Field, Esquire
BURNS & LEVINSON, LLP
125 Summer Street
Boston, MA 02110

5

by causing a copy of the same to be mailed to them by first class mail, postage prepaid, on this 16th day of November, 2011.  A copy was also electronically mailed to Attorney Donna Brewer.  I do not have e-mail addresses for the other counsel in this action.

/s/ David J. Paliotti
David J. Paliotti, Esquire